UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JORGE BARON,                                                      Civil No. 11-1687 (SRN/AJB)

        Petitioner,

      v.                                                                **REPORT AND RECOMMENDATION**

SCOTT P. FISHER,

        Respondent.

      This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, it is recommended that the petition for writ of

habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section

2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

      In 2006, Petitioner was indicted in the United States District Court for the Eastern

District of Washington on two counts of unlawful possession of a firearm, in violation of 18

U.S.C. § 922(g).  On March 8, 2007, a jury found Petitioner guilty of both of the charged

offenses.  Petitioner was later sentenced to 210 months in federal prison, and he is

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that the trial court judge wrongly sentenced him under the Armed Career Criminal Act, and imposed an improper fine.   The Ninth Circuit Court of Appeals rejected Petitioner's sentencing arguments on the merits, and affirmed his conviction and sentence.  United States v. Baron, 273 Fed.Appx. 639 (9th Cir. 2008) (unpublished opinion).

In 2008, Petitioner filed a motion seeking relief from his conviction and sentence under 28 U.S.C. § 2255.  In that § 2255 motion, Petitioner contended that his conviction under § 922(g) should be set aside because he had a constitutional right, under the Second Amendment, to bear the firearms on which his conviction was based.  Petitioner cited the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), to support the claims raised in his § 2255 motion.  The trial court considered and rejected Petitioner's § 2255 motion on the merits.  United States v. Baron, No. CR-06-2095-FVS, (E.D.Wash. 2008), 2008 WL 5102307.[2]  Petitioner sought further review of the trial court's ruling on his § 2255 motion, but he was denied a Certificate of Appealability by the trial court, and later by Ninth Circuit Court of Appeals.

Petitioner commenced the present action on June 27, 2011.  He is seeking a writ of habeas corpus that would set aside his 2007 conviction and sentence.  According to Petitioner, the conviction and sentence are "void" and "unenforceable" by reason of the Supreme Court's decision in Heller.  For the reasons discussed below, the Court finds that

---

[2] The trial court's written decision on Petitioner's § 2255 motion provides much of the information about the background of the present action.

Petitioner's current challenges to his 2007 federal criminal conviction and sentence cannot

be brought in a § 2241 habeas corpus petition.[3]

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his

conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).

Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section [i.e., § 2255],
> shall not be entertained if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or that such court has
> denied him relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy

available to a federal prisoner who is asserting a collateral challenge to his conviction or

sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255... and

not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison,

349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's

---

[3]   The Court finds that much of what Petitioner has written in his petition and accompanying submissions is nearly incomprehensible.  (One of Petitioner's arguments, for example, reads as follows: "The 2nd amendments intent is Stare Decisis and the Jury Verdict existing as to the Possessions being home-based and not related to ones mentally defective are Res Judicata to the extent as to serve as preclusive against any assertions to the contrary."  Petition, [Docket No. 1], p. 7, ¶ 52.)  Thus, it is conceivable that Petitioner could be seeking some relief other than a writ of habeas that would expedite his release from custody.  However, if Petitioner is indeed seeking some other form of relief that would not affect the validity of his current confinement, he will have to present his claims, (and clearly explain the alternative relief that he is seeking), in a civil complaint that conforms to the requirements prescribed by Rules 7-11 of the Federal Rules of Civil Procedure.

collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).   The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it clearly appears that Petitioner is challenging the validity of his conviction and sentence in his 2007 federal criminal case in the Eastern District of Washington, (but see n. 3, supra).  As far as the Court can tell, Petitioner is claiming that his conviction is "void," and his sentence is "unenforceable," in light of the Supreme Court's explication of the Second Amendment in Heller.  However, § 2255's exclusive remedy rule precludes this Court from reviewing the validity of Petitioner's conviction, or the enforceability of his sentence, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of

Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion.  <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see</u> <u>also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion).  Because the Petitioner has not obtained a pre-approval order from the Ninth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time.  <u>Id</u>.  Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

In addition, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions.  28 U.S.C. § 2255(f).  For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it appears that Petitioner deliberately elected <u>not</u> to bring his current claims in a § 2255 motion, because he knows he is barred from seeking relief under § 2255.  Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can seek relief under § 2241, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations.  That reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a §

2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims under § 2241. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8ᵗʰ Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8ᵗʰ Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a

§ 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims based on Heller and the Second Amendment in his previous § 2255 motion.

Indeed, Petitioner did raise a Heller/Second Amendment challenge in his § 2255 motion, and his arguments were squarely rejected on the merits by the trial court. See Baron, 2008 WL 5102307 at *2 ("[t]here has been no indication that the principles enunciated in Heller call into question the constitutionality of § 922(g)"). The claims that Petitioner raised in his previous § 2255 motion cannot be re-litigated here. The Minnesota District Court has no legal authority to review the prior rulings of a co-equal district court, (not to mention the Court of Appeals' ruling in an ensuing appeal). See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

The § 2255 savings clause does not allow a federal prisoner to use § 2241 as a vehicle for re-raising claims that were raised and adjudicated in a prior § 2255 proceeding. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam). This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length, because they are fully relevant to the present case. In

Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's § 2255 motion in the sentencing court was an adequate
> and effective remedy to test the legality of his detention inasmuch as that
> court considered and ruled on the identical issue presented in the instant
> petition for a writ of habeas corpus.  The fact that the motion was denied
> does not mean that it was an ineffective or inadequate procedural device.
> True, it did not effect petitioner's release.  The purpose of the statute,
> however, is not necessarily to end a prisoner's detention, but rather 'to test'
> its legality.  The adoption of petitioner's argument would mean that, because
> of a possible application of different legal principles by the court confronted
> with a habeas petition and the court which has already ruled on a § 2255
> motion, a prisoner would have the right in every instance to retest the legality
> of his detention."  (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert.

denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [trial] court's disposition of the § 2255 motion was
> adverse to petitioner, or even, arguendo, incorrect, does not mean that his
> remedy under that section was 'inadequate or ineffective.'  If that were the
> rule, any adverse determination by one court of a § 2255 application would
> be reviewable by another court in a habeas corpus proceeding.  Obviously,
> such a result was not intended by Congress when it drafted § 2255."

See also Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969) ("[a] federal

prisoner seeking habeas corpus relief has the difficult burden of coming forward with

evidence which affirmatively shows the ineffectiveness of the section 2255 relief in his

case, and he cannot satisfy this requirement by merely showing that his previous section

2255 petition was unsuccessful") (emphasis added); McGhee v. Hanberry, 604 F.2d 9, 10-

11 (5th Cir. 1979) (per curiam) (same).

Our own Court of Appeals has confirmed that § 2255 cannot be viewed as

inadequate or ineffective "merely because § 2255 relief has already been denied." United

States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).  See also Charles v. Chandler, 180

F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or

ineffective simply because § 2255 relief has already been denied").

If Petitioner believes that he is attempting to raise some <u>new</u> arguments that were not presented in his § 2255 motion, he has failed to adequately identify those new arguments, and he has failed to demonstrate that those arguments (whatever they might be) could not have been raised in his previous § 2255 motion. Petitioner cannot now contend that § 2255 is "inadequate or ineffective" for any new claims that were not presented in his prior § 2255 motion, simply because he failed to present those claims in the prior motion. As the Court of Appeals pointed out in <u>Abdullah</u> –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here for any of Petitioner's claims. He had an adequate procedural opportunity to raise his current claims for relief in his prior § 2255 motion, and he is therefore barred from bringing those claims under § 2241.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for relief under § 2241 challenges the legality of his conviction and sentence in his 2007 federal criminal case in the Eastern District of Washington; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion,

because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse his from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 proceeding.  Thus, the Court concludes that Petitioner's current § 2241 claims cannot be entertained here, and this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's anomalous "Motion for Summary Judgment," (Docket No. 4), be summarily denied.  The Court will also recommend that Petitioner's application to proceed in forma pauperis, (Docket No. 2), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.      RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

10

1.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2),

be **DENIED**;

2.  Petitioner's "Motion for Summary Judgment," (Docket No. 4), be **DENIED**; and

3.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket

No. 1), be summarily **DISMISSED** for lack of jurisdiction.


Dated: July 5, 2011

       s/ Arthur J. Boylan
       ARTHUR J. BOYLAN
       Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 19, 2011.