UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jorge Baron,** | Civil No. 11-CV-1687 (SRN/AJB) |
| **Petitioner,** | **MEMORANDUM AND ORDER** |
| v. | |
| **Scott P. Fisher,** | |
| **Respondent**. | |

Jorge Baron, 11521-085 Unit A, FCI Sandstone, P.O. Box 1000, Sandstone, Minnesota 55072, Pro Se.

Gregory G. Brooker, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated July 5, 2011 [Doc. No. 8]. In the R&R, the Magistrate Judge recommended that the Court deny Petitioner Jorge Baron's Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any part of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

1

**I.     BACKGROUND**

In June 2006, in the U.S. District Court for the Eastern District of Washington, Petitioner was indicted on two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  On March 8, 2007, a jury convicted him on both counts.  Petitioner was subsequently sentenced to 210 months in federal prison and is currently in custody at the Federal Correctional Institute, Sandstone, Minnesota.  United States v. Baron, Nos. CR-06-2095, CV-08-3048, 2008 WL 5102307, at *1 (E.D. Wash. 2008).

Petitioner filed a direct appeal with the Ninth Circuit Court of Appeals, contending that, at sentencing, the trial court mistakenly applied an enhancement under the Armed Career Criminal Act ("ACCA").  The Ninth Circuit affirmed Petitioner's sentence, squarely addressing and rejecting his objection to the ACCA enhancement.  See United States v. Baron, 273 F. App'x 639, 640-41 (9th Cir. 2008).  Then, on July 29, 2008, again in the Eastern District of Washington, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Among other arguments, Petitioner contended that his conviction was illegal as a result of the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008).  Baron, 2008 WL 5102307, at *1-2.  The court rejected this argument, see id. at *2, and Petitioner was denied a certificate of appealability.

On June 27, 2011, Petitioner filed the instant Petition with this Court, ostensibly under 28 U.S.C. § 2241.  As the Magistrate Judge noted, the Petition is not a model of clarity and thus it is difficult to discern Petitioner's claims.  Nevertheless, the Court will address the propriety of the Petitioner's challenges under § 2241 below.

## II.   DISCUSSION

"[A] habeas corpus petition under . . . § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence." Crayton v. Norwood, 622 F. Supp. 2d 975, 978 (C.D. Cal. 2009) (citing Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam)).  But courts have repeatedly held that § 2241 is not the appropriate vehicle for challenging the validity of a petitioner's sentence.  E.g., Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.")  Thus, the Court must first determine whether Petitioner's challenges may be considered under § 2241.

After analyzing Petitioner's equally muddled Petition and Objections to the R&R, the Court agrees with the Magistrate Judge that the gist of Petitioner's challenge is that his 2007 conviction and sentence are void and unenforceable by reason of the Supreme Court's decision in Heller.[1]  (See Pet'r's Obj. at 6-7, 9 [Doc. No. 9]; but see Pet. ¶ 6 [Doc. No. 1].)  Specifically, Petitioner argues that even as a convicted felon he has a constitutional right to bear arms in the

---

[1] To be sure, Petitioner put forth a multitude of other challenges as well.  Among these include the contention that the R&R was not a "verified document," the Magistrate Judge's exercise of authority was inappropriate, the Magistrate Judge's failure to address Petitioner's Federal Rules of Civil Procedure 4 and 7 arguments, and the Magistrate Judge's alleged misapplication of caselaw in support of his findings. (Pet'r's Obj. at 4-8.)  To the extent that these arguments are comprehensible, they are merely distractions from Petitioner's central contention that his conviction must be set aside due to the Supreme Court's decision in Heller.  The Court will therefore not entertain these spurious claims.  Similarly, as the Magistrate Judge noted, Petitioner's inappropriately filed Motion for Summary Judgment [Doc. No. 4] must be summarily dismissed.

3

confines of his own residence.  (See, e.g., Pet. ¶¶ 25 n.1, 28, 33-34, 36, 38, 49-50.)  Such an argument does not challenge the "manner, location or execution" of Petitioner's sentence, and thus must be brought under § 2255 in the ordinary course.

In some circumstances, an inappropriately filed § 2241 habeas petition may be converted to a § 2255 motion and transferred to the original trial court to address the merits of the petitioner's claim.  But here, as the Magistrate Judge noted, Petitioner likely filed the present action under § 2241 because he knows that § 2255's procedural components are problematic for him.  Indeed § 2255 states that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law . . . ."  28 U.S.C. § 2255(h).  Because Petitioner already filed a § 2255 motion, see Baron, 2008 WL 5102307, at *1-4, he is barred from submitting another one unless the Ninth Circuit Court of Appeals grants him permission to do so.  Further, as the Magistrate Judge also observed, it is very likely that § 2255's one-year statute of limitations bars Petitioner's claim.  Given these procedural infirmities, the Court will not convert the Petition to a § 2255 motion and transfer it to the Eastern District of Washington.

One narrow exception exists to the general rule that claims like Petitioner's must be brought as a § 2255 motion.  Petitioner may use § 2241 as a vehicle to advance his claims in this case only if he can demonstrate that a remedy under "§ 2255 would be inadequate or ineffective."  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted).  This exception comes from § 2255's savings clause, which states that

> [a]n application for a writ of habeas corpus [o]n behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court [that] sentenced him, or that such court has denied him relief, unless it

>also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner bears "the burden of showing that the remedy under § 2255 would be inadequate or ineffective." Abdullah, 392 F.3d at 959 (citing Hill, 349 F.3d at 1091). Further, "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 [motion]." Hill, 349 F.3d at 1091. This means, of course, that "§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." Abdullah, 392 F.3d at 959 (citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)). Instead, the Eighth Circuit, after analyzing numerous examples from sister circuits, noted that, "[i]n cases in which the petitioners were permitted to use § 2241, the courts found that the petitioners had no earlier procedural opportunity to present their claims." Id. at 963.

In this case, it is clear that Petitioner is attempting to recapitulate the same argument under § 2241 that he raised in his earlier § 2255 motion; namely, that the Supreme Court's decision in Heller renders his conviction and sentence "void." But Petitioner may not merely repeat his argument before a different court in the hope that he will obtain a favorable result the second time around. Rather, he must demonstrate how § 2255 would be inadequate or ineffective in his particular case. Petitioner has not done so here. Because Petitioner had ample earlier procedural opportunity to present his claim, and in fact did so in the original trial court, the Court must deny the instant Petition.

Additionally, because the Court denies the Petition, Petitioner's Application to Proceed In Forma Pauperis is likewise denied. See 28 U.S.C. 1915(e)(2)(B)(ii); Kruger v. Erickson, 77

F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).  Finally, because the Court finds that Petitioner may not bring this action under § 2241 and that conversion to § 2255 is inappropriate, Petitioner is not entitled to an evidentiary hearing.

### III. CONCLUSION

Petitioner's claim was improvidently filed as a § 2241 petition for a writ of habeas corpus.  The Court may not convert this Petition to a § 2255 motion because such a motion was already filed with the trial court and Petitioner has not garnered approval to file a successive motion from the court of appeals.  Nor is § 2255 an inadequate or ineffective remedy in Petitioner's case.  **THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc No. 8] is **ADOPTED**;
2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DISMISSED**;
3. Petitioner's Application to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**;
4. Petitioner's Motion for Summary Judgment [Doc. No. 4] is summarily **DENIED**; and
5. This matter is **DISMISSED with prejudice**.

Dated:   August 15, 2011

                                                s/ Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Court Judge